IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DOUGLAS DANCER                                                    PLAINTIFF

v.                                    Civil No.  4:10-cv-4118

BRENT HALTOM,
Prosecuting Attorney, *et al.*                                   DEFENDANTS

<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Plaintiff, an inmate in the Miller County Correctional Facility, at Texarkana, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."  ECF No. 1.  Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP").  ECF No 3.

The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, this Court recommends Plaintiff's IFP application be **DENIED**, and that this action be summarily dismissed pursuant to Section 1915A.

1.    <u>Background</u>

No facts were presented to the Court in Plaintiff's Complaint.  ECF No.1.  Plaintiff did state "[i]f she need [sic] the names of the people" and then listed the following:

- "State of Arkansas (Miller county)"
- "Brent Haltom Prosecutor"
- "Carlton Jones Prosecutor"
- "David Easley Detective had me arrested"
- "Wayne Dowd Public Defender"
- "Judge Griffin"

-1-

*Id.* Plaintiff also included an address for Haltom and the Public Defender's Office for the 8th Judicial District. *Id.* Plaintiff filled in the portions of the Complaint form regarding the party names, although for Defendants, he only stated the "State of Arkansas" in that section. *Id.* The remainder of the Complaint form is blank, save that Plaintiff did check an option stating he had not filed any previous action regarding the same facts. *Id.*, ¶ I.

Since the time of his Complaint, Plaintiff has filed four Motions to Amend. ECF Nos. 5,6,7,8. In the first Motion to Amend, ECF No. 5, Plaintiff states that Defendant Haltom and his staff learned of the lawsuit against them and sent an attorney from the public defender's office over to speak with him. *Id.* Shannon Tuckett, the attorney sent to speak with him, asked about the civil lawsuit and stated she can have Plaintiff checked out "to see if [he's] mental." *Id.* Plaintiff stated he was "not mental" but was under stress of being in jail for ten months and losing his truck and girlfriend and being unable to see his children or grandchildren. *Id.* Plaintiff also indicated he had retained counsel at one point who stated that no charges were filed against Plaintiff. *Id.* Plaintiff also indicates the purported victim of his alleged crime, who appears to be a minor, stated Plaintiff "did not do nothing to her [sic]." ECF No. 1. Plaintiff does not state what allegations were made against him regarding the minor, but he does indicate the allegation was fabricated due to a disagreement over child support for the daughter of Plaintiff's girlfriend. *Id.* In this first Motion to Amend, Plaintiff also seeks to add Judge Kirk Johnson, Judge Kelvin Wyrick, and deputy prosecutor Stephanie Black as Defendants. *Id.* Plaintiff makes no factual allegations regarding these individuals.

In the second Motion to Amend, ECF No. 6, Plaintiff refiled what appeared to be page four of his original Complaint, ECF No. 1, and added to that the word "Add" and the names Judge Kirk Johnson, Judge Kelvin Wyrick, Shannon Tuckett public defender, and prosecutor Stephanie Black.

-2-

ECF No. 6. Plaintiff then stated "all working together under Brent [Haltom]." *Id.*

In the third Motion to Amend, ECF No. 7, Plaintiff states he was in court on October 12, and Judge Kirk Johnson asked if Plaintiff had been to an evaluation and Plaintiff answered he had not. Plaintiff states he was sent for evaluation on October 18 and the "mental clinic" wanted him to sign a form stating Plaintiff would pay in the event the state of Arkansas did not pay for the services. *Id.* Plaintiff refused. *Id.* Plaintiff spoke with Dr. Wood and told Dr. Wood he would not let Dr. Wood evaluate him. *Id.* Dr. Wood then told Plaintiff that Plaintiff had "made the right choice" "because the state of Ark[ansas] can use that against [Plaintiff] in court." *Id.* Plaintiff then stated he will be incarcerated for one year on November 11, 2010, and that "the rules state that they can hold me up to 1 year if I haven't been charged or if haven't [sic] no one filed any against me. The people haven't filed any [sic] against me." ECF No. 7. Plaintiff also indicates his trial date is four days over the "1 year mark" and that he is unable to bond out. *Id.*

In the fourth Motion to Amend, ECF No. 8, Plaintiff states he went to a pretrial hearing and was slated to go to a mental hospital for thirty days. Plaintiff then restated his belief that he had been held for one year, with no charges against him. *Id.* Judge Kirk Johnson stated during the pretrial hearing that he would look into Plaintiff's case. *Id.* Plaintiff indicated the "Plaintiff [1] did not show up. Plaintiff said they wasn't [sic] going to file charges on any accusations." *Id.*

## 2. <u>Applicable Law</u>

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute,

---

[1] The court assumes Plaintiff meant the victim did not appear, not that the state was not present.

which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  Although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law."  *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); *see also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County,* 954 F.Supp. 1392, 1397 (D. Minn. 1997).  Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

3. <u>Discussion</u>

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's Complaint

-4-

has four fatal defects.  One, Plaintiff's Complaint in this case names as Defendants individuals who are immune from suit.  Two, Plaintiff's Complaint names as Defendants individuals who are not considered state actors in Section 1983 litigation.  Three, Plaintiff's Complaint contains allegations to which this Court should apply *Younger* abstention.  Four, Plaintiff's Complaint fails to allege sufficient facts or allegations of constitutional wrongs.

## A.  Defendants Haltom and Jones – Prosecuting Attorneys

Brent Haltom and Carlton Jones are prosecuting attorneys.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the doctrine of absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.* at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.   *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, all actions underlying Plaintiff's claims occurred during the state criminal proceeding.  Therefore, it is clear defendants Haltom and Jones are entitled to absolute immunity in this case.[2]  *See, e.g., Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996), *cert.  denied*, 519 U.S. 867 (1966) (holding county prosecutors were entitled to absolute immunity from suit).

---

[2]  Plaintiff has also filed two Motions to Amend, ECF Nos.  5, 6, in which Plaintiff seeks to add a third prosecuting attorney, Stephanie Black.  Even if the Court granted the Motion to Amend regarding Black, such an amendment would be futile as Black would be subject to the same analysis applied to Haltom and Jones, above.  A court is justified in denying an amendment as futile if the proposed amendment could not withstand a motion to dismiss. *Holloway v. Dobbs*, 715 F.2d 390, 392-93 (8th Cir.1983); *DeRoche v. All American Bottling Corp.*, 38 F. Supp.2d 1102, 1106 (D. Minn. 1998).  If the amendments fail to state claims upon which relief could be granted, denial of leave to amend is proper. *See, e.g., Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 755-56 (8th Cir. 2006) (proposed claim was unsupported by applicable law, making amendment adding that claim futile); *In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d 987, 993 (8th Cir. 2006) (because proposed amendments would not have cured flaws leading to dismissal, rejection of leave to amend appropriate).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case.  While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff does not allege such facts in this case.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.* at 542 & n.22; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).  Clearly, Plaintiff has adequate remedies available to him through the state appellate courts.

B.  Defendant Judge Griffin - State Court Judge

To the extent Plaintiff attempts to name Judge Griffin[3] in this matter, this claim is subject to dismissal as Judges are immune from suit.  *See Mireles v. Waco*, 502  U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  *See also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in only two situations:  (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *See Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

---

[3]  In his Motions to Amend, ECF No.  6, 7, Plaintiff also names Judge Kirk Johnson and Judge Kelvin Wyrick.  As noted with respect to proposed Defendant Stephanie Black in footnote 2, *supra*, any amendment to name these Defendants would be futile, as the same analysis applied to Judge Griffin would also apply to Judge Johnson and Judge Wyrick.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c)), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met.  Thus, to the extent Plaintiff seeks injunctive relief his claims are subject to dismissal. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted).  Equitable relief is not appropriate where an adequate remedy under state law exists. *See Pulliam*, 466 U.S. at 542 & n. 22.  *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the

acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *See Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate). Here Plaintiff had an adequate remedy at law and is not entitled to equitable relief.

### C. Wayne Dowd – Public Defender

Plaintiff states that Wayne Dowd[4] is a public defender. As a public defender, Defendant Dowd is not considered a "state actor" for purposes of Section 1983 litigation. "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002). It is well settled that public defenders are not considered to be state actors for Section 1983 purposes. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). *See also Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations").

### D. David Easley - Detective

Regarding Defendant Easley, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings

---

[4] In his second Motion to Amend, ECF No. 6, Plaintiff seeks to add Shannon Tuckett as a Defendant in this matter. However, as a public defender, she would be subject to the same analysis applied to Defendant Dowd. As such, any amendment of the pleadings to add her as a Defendant would be futile. *See* footnotes 2, 3, *supra*.

implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Plaintiff gives no indication of the basis for naming Easley as a Defendant, other than to state that Easley was the "detective [that] had me arrested." ECF No. 1. Any claim regarding the legitimacy of that arrest including the issue of whether probable cause existed for his arrest can be litigated in the state court criminal case.

### E.  Failure to Plead Facts

In addition to the defects reflected above, Plaintiff has failed to plead any facts linking these defendants to any unconstitutional acts. Plaintiff provides in his Complaint no allegations suggesting these defendants are personally responsible for any violation of rights. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County*, 954 F. Supp. 1392, 1397 (D. Minn. 1997).

In other words, civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir.1999). *See also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir.2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, while acting under color of state law, which purportedly violated the plaintiff's federal constitutional rights.

Plaintiff included no facts in his Complaint, other than the fact that Defendant Easley arrested

him.  Other facts brought forth in his Motions to Amend include Defendants speaking with him and holding pretrial conferences in his case.  There are no facts or allegations of a constitutional magnitude.  Therefore, Plaintiff has failed to properly plead any facts related to the named Defendants, and the Motions to Amend, if granted, would not cure this defect.  *See, Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (amended pleading suffered the same defects as original pleading, rendering amendment futile); *Grandson v. Univ. of Minn.*, 272 F.3d 568, 575 (8th Cir. 2001) (proposed amendment futile when added allegations failed to plead facts permitting recovery); *United States ex rel. Gaudineer & Comito, LLP v. Iowa*, 269 F.3d 932, 936 -37 (8th Cir.2001) (no error to refuse to add individual-capacity claims in a section 1983 claim where amended allegations failed to show how the defendant acted outside his official duties).

4. **Conclusion**

Accordingly, I recommend the following: (1) the Motion to Proceed IFP, ECF No.  3, be **DENIED**; and (2) Plaintiff's Complaint, ECF No.  1,  be **DISMISSED** as it fails to state a claim under Section 1983.

I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

Having filed this action, Plaintiff remains liable for the filing fee.  *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir.  1997) (holding even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.).  For this reason, I further recommend the clerk of the court be directed to collect the $350.00 filing fee from the Plaintiff.

-10-

The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 16th day of November 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S.  MAGISTRATE JUDGE