IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**DOUGLAS DANCER**                                                       **PLAINTIFF**

v.                                  Civil No. 4:10-cv-4118

**BRENT HALTOM,**
Prosecuting Attorney, *et al.*                                         **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

Plaintiff, an inmate at the Miller County Correctional Facility, in Texarkana, Arkansas, has filed a Motion to Proceed *in forma pauperis* ("IFP") on Appeal. ECF No. 14. The undersigned previously issued a Report and Recommendation, ECF No. 10, recommending that this matter be dismissed prior to service because Plaintiff named as Defendants individuals who were immune from suit, Plaintiff named as Defendants individuals who were not state actors for purposes of Section 1983 litigation, Plaintiff's Complaint contained allegations to which this Court should apply *Younger* abstention, and Plaintiff's Complaint failed to allege sufficient facts of constitutional wrongs. As a whole, Plaintiff's Complaint was incomprehensible and frivolous. *See* ECF No. 1.

The Report and Recommendation of the undersigned was adopted *in toto* on December 9, 2010, by the district judge. ECF No. 12. On December 28, 2010, Plaintiff filed a Motion for Leave to Appeal *in forma pauperis*. ECF No. 14. Plaintiff did not, however, file any notice of appeal, despite two letters to Plaintiff advising him of his need to file a notice of appeal. *See* ECF Nos. 15, 16.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil case be filed within thirty days after judgment is entered. "A timely notice of appeal is both

mandatory and jurisdictional." *Burgs v. Johnson County, Iowa*, 79 F.3d 701, 702 (8th Cir. 1996). Moreover, an untimely notice of appeal cannot serve as a motion for extension of time to file appeal. *Id.* The Supreme Court has also squarely held that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205 (2007) (finding untimely the notice of appeal filed by a litigant who relied upon an order of the District Court specifying an incorrect deadline for filing a notice of appeal).

Because Plaintiff has filed no timely notice of appeal, Plaintiff's Motion to Proceed IFP on Appeal, ECF No. 14, should be **DENIED**.

Alternatively, pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." As all claims in Plaintiff's Complaint were clearly frivolous and/or asserted against individuals immune from suit or who were not a state actors, any appeal of the dismissal of that Complaint would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

It is also the recommendation of the undersigned that Plaintiff's Motion to Proceed IFP on Appeal, ECF No. 14, be **DENIED** as the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV.  CONCLUSION

Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion to Proceed IFP on Appeal, ECF No. 14, be **DENIED**. Plaintiff may, of course, renew his Motion to Proceed IFP on Appeal with the Court of Appeals for the Eighth Circuit, in the event this Report and Recommendation is adopted by the district court judge. FED. R. APP. P. 24(a)(5).

It further recommended that the Clerk of Court shall provide the Court of Appeals with a copy of any Order adopting this Report and Recommendation. FED. R. APP. P. 24(a)(4)(A), (B).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED this 2nd day of May 2011.**

                                            /s/   Barry A.  Bryant
                                            HON. BARRY A.  BRYANT
                                            U.S. MAGISTRATE JUDGE